CUTCHER, Appellee,

v.

CHAPMAN, Appellant.

[Cite as *Cutcher v. Chapman* (1991), 72 Ohio App.3d 265.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890813.

Decided Jan. 23, 1991.

*Timothy R. Cutcher, pro se.*
*Jim Rimedio,* for appellant.

---

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the briefs and the arguments of counsel. The court has *sua sponte* removed this cause from the accelerated calendar and placed it on the court's regular calendar.

Defendant-appellant Robert Chapman appeals from the summary judgment entered by the Hamilton County Court of Common Pleas in favor of plaintiff-appellee Timothy R. Cutcher on appellant's counterclaim for legal malpractice.

In the entry granting summary judgment for appellee, the trial court stated:

" * * * [T]he Defendant knew, or should have known or discovered any alleged malpractice within one year of the termination of the attorney/client relationship in August 1985 when he engaged other counsel and discovered that a lawsuit had not been filed in his behalf. Further, Defendant clearly should have been on notice of an alleged malpractice on September 16, 1986 when the trial court granted summary judgment in favor of the insurance company in Case No. A–8506136 for failure to bring the lawsuit within one year of the date of the case [sic] as required by the policy, and therefore Defendant's Counterclaim in January of 1988 was not brought within the statute of limitations as outlined above." [1]

The record discloses that appellant admitted that he suffered property losses on January 29, 1984, and July 8, 1984. The losses were purportedly covered under a policy of insurance issued to appellant by Allstate Insurance Company ("Allstate"). The policy required that appellant bring suit within one year of the date a loss accrued in the event of a dispute concerning the settlement of a claim. Appellant was unsuccessful in settling his claims with Allstate.

In December 1984, appellant was referred to appellee for the purpose of prosecuting a legal action against Allstate. In August 1985, appellant engaged another attorney to pursue his claim against Allstate. The second attorney was unable to find any suit against Allstate of record, and speculated to appellant that appellee had not filed a suit. The second attorney filed an action against Allstate in September 1985, which was terminated when the court granted summary judgment in favor of Allstate in September 1986. Appellant claims that it was not until September 1987, after he had engaged present counsel, that he was informed that appellee had allegedly failed to file suit against Allstate within the time prescribed by the policy of insurance.

On December 28, 1987, appellee filed the within suit to collect payment for legal fees allegedly owed appellee by appellant. Appellant counterclaimed for legal malpractice on January 15, 1988, which claim is the subject of this appeal.

In the syllabus of *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, the Supreme Court stated:

---

1. The entry in case No. A–8506136 is not part of the record transmitted to this court for review. Nor is such entry within the record of the prior appeal of this cause.

"Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later."

A cognizable event occurred and the statute of limitations began to run in August 1985, when appellant was informed that a lawsuit had not been filed in his behalf against Allstate. Therefore, appellant's counterclaim for legal malpractice, filed January 15, 1988, is time-barred by the operation of R.C. 2305.11(A). See *id.* Appellant's assignment of error is overruled. The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

DOAN, P.J., HILDEBRANDT and GORMAN, JJ., concur.