JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiffs-appellants Monica Clark and her son Matthew B. Clark challenge the summary judgment entered by the trial court in favor of the defendants-appellees, the Barbeau Hake law firm and its associate Gary L. Knepp, on their complaint for legal malpractice by Knepp, who had represented Monica Clark in the 1996 dissolution of her marriage. In their only assignment of error, the Clarks argue that the trial court erred in concluding that they had not filed their malpractice claim within the one-year statute of limitations provided in R.C. 2305.11(A).
The dissolution decree required Monica Clark's former spouse to designate their son, Matthew Clark, as beneficiary under his life insurance policy with the Central States Health and Welfare Fund. Before his death in 1998, her ex-spouse changed the designated beneficiary in his insurance policy from Matthew to his new wife. Central States denied Monica Clark's request for benefits for Matthew. On June 30, 1998, she filed a written appeal with Central States, asserting that the company "has repeatedly failed to recognize my divorce decree as a legal and binding document." Her administrative appeal was denied on October 30, 1998.
Clark retained defendant Arthur P. Anninos, in August 1998 to pursue her claim for insurance benefits on behalf of Matthew. The declaratory-judgment action, originally filed in the Clermont County Common Pleas Court, was removed to federal court. On January 11, 2001, the district court judge adopted the magistrate judge's finding that the decree of dissolution was not a proper Qualified Domestic Relations Order ("QDRO") and, therefore, ERISA preempted designation of a beneficiary mandated by state law and provided in the decree of dissolution. The district court entered summary judgment against Clark.
On April 30, 2002, the Clarks filed this action against Knepp and his law firm alleging professional negligence in Knepp's failure to obtain a QDRO.[1] A legal-malpractice claim must be filed within one year of the accrual of the claim. See R.C.2305.11(A). Thus, for the Clarks to prevail, their claim must not have accrued before April 30, 2001.
A legal-malpractice cause of action accrues on the later of two dates: (1) the termination of the attorney-client relationship for that particular transaction or undertaking, or (2) a cognizable event by which the plaintiff discovers or should discover the injury giving rise to a claim and is put on notice of the need to pursue possible remedies against the attorney. SeeZimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54,538 N.E.2d 398, syllabus. A cognizable event is an event that puts the plaintiff on notice to investigate the facts and circumstances relative to her claim in order to pursue her remedies. See Flowers v. Walker (1992), 63 Ohio St.3d 546, 549,589 N.E.2d 1284; see, also, Cutcher v. Chapman (1991),72 Ohio App.3d 265, 594 N.E.2d 640, and Reinhold v. Kelly (Apr. 17, 1998), 1st Dist. No. C-970149. As this court has noted, "[t]he client need not be aware of the full extent of injury caused by the attorney's action or nonaction. It is enough that there is some noteworthy event that would have alerted a reasonable person that he or she had been `appreciably and actually damaged' as the result of `a questionable legal practice.'" Rosenberg v. Atkins
(Oct. 5, 1994), 1st Dist No. C-930259, quoting Zimmie v. Calfee,Halter Griswold, 43 Ohio St.3d at 58, 538 N.E.2d 398.
Where, as here, there is no dispute that the events of record occurred, the issue of whether the events constituted cognizable events for purposes of triggering the statute of limitations presents a question of law for the trial court to determine. SeeGreen v. Barrett (1995), 102 Ohio App.3d 525, 657 N.E.2d 553; see, also, Zimmie v. Calfee, Halter Griswold,43 Ohio St.3d at 58, 538 N.E.2d 398.
In this case, at least twice, the Clarks were placed on notice that questionable legal practice may have occurred in providing for the designation of insurance proceeds for Matthew in the decree. Monica Clark's June 30, 1998, letter acknowledging Central States's refusal to honor the dissolution decree was a noteworthy, cognizable event demonstrating her awareness of financial injury as a result of Knepp's representation. Likewise, the January 2001 dismissal in federal court of their declaratory-judgment claim placed them on notice of possible legal remedies against Knepp.
Reasonable minds could only conclude that the statute of limitations began to run more than one year before the Clarks' claim was filed. Therefore, their claim for legal malpractice is time-barred by the operation of R.C. 2305.11(A), and summary judgment was appropriate. See Civ.R. 56(C); see, also, Dresherv. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264. Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Gorman, JJ.
[1] The Clarks also included in their complaint a legal-malpractice claim against Anninos. In its entry granting summary judgment for Knepp, the trial court certified, pursuant to Civ.R. 54(B), that there was no just cause for delay of an immediate appeal of its decision for Knepp. The action against Anninos is still pending below.