**WOZNIAK, Appellant,**

v.

**TONIDANDEL et al., Appellees.**

[Cite as *Wozniak v. Tonidandel* (1997), 121 Ohio App.3d 221.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 70110 and 70633.

Decided June 9, 1997.

222

*John J. Mueller*, for appellant.

*Mark O'Neill*, for appellees.

KARPINSKI, Judge.

Plaintiff-appellant, Thomas J. Wozniak, appeals from the judgment of the trial court in favor of defendant-appellee, Ronald Tonidandel. Plaintiff brought a legal malpractice claim against defendant as a result of defendant's representation of plaintiff in the litigation surrounding the administration of the estate of plaintiff's mother. The trial court granted defendant's motion for summary judgment because plaintiff had filed his complaint outside the applicable statute of limitations for a legal malpractice claim. On appeal, plaintiff argues that the trial court erred by (1) using the wrong date to determine the termination of the attorney-client relationship, (2) denying plaintiff's motion to compel discovery, and (3) denying plaintiff's motion for relief from judgment. For the reasons that follow, we find no merit to plaintiff's arguments and affirm the judgment of the court below.

Plaintiff was sued by his brother, who alleged that plaintiff had misappropriated assets from their mother's estate. After a trial, the jury found that both brothers were guilty of embezzlement and concealment. Plaintiff appealed and the court of appeals affirmed the judgment. *Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400, 629 N.E.2d 500.

Prior to the probate trial, plaintiff fired his previous attorney and hired defendant, who was referred to plaintiff by another attorney. They first met on July 29, 1992, one week before the case was scheduled to go to trial. On July 30, 1992, defendant sent plaintiff a letter confirming that plaintiff had hired him. The letter stated as follows:

"In accordance with our discussions, we are writing to confirm our understanding. You wish to retain this office to be your counsel and represent you in the trial of the pending suit by your brother against you in the Probate Court of Summit County."

Plaintiff signed and returned this letter. Defendant states in his affidavit that "[m]y engagement was to serve as counsel during the trial. I did not agree to represent Tom Wozniak for anything following the trial. The engagement letter of July 30, 1992 and the amendment of August 2, 1992 speak expressly in terms of the trial of the action."

Trial was postponed until November 4, 1992. After eight days of trial, the jury rendered its verdict on November 16, 1992. In his affidavit, defendant further states that after the verdict was announced, "I told Tom Wozniak in the courtroom that my firm's engagement was over. We had agreed to represent him in the trial. The trial was behind us. I told him that I would do no further work." Thereafter, on November 24, 1992, defendant sent a letter to plaintiff which stated as follows:

"As you know, this office's engagement was to represent you at the recently concluded jury trial in the above case.

"This will confirm our discussion following the trial that we are not responsible for any post-trial procedures which you might desire, such as a motion for new trial, motion for judgment notwithstanding the verdict, notice of appeal or any other possible procedures, and we do not intend to do any such procedures.

"For your information, the deadline for filing motions for new trial and/or judgment notwithstanding the verdict is fourteen days after entry of judgment. As you know, the deadline for filing a notice of appeal is thirty days after entry of judgment.

"In accordance with your telephone discussion with Debbie Kackley, we are advising plaintiff's counsel that we are not authorized to approve the judgment. You can check the court's docket to see when the judgment is entered."

On December 14, 1992, plaintiff, acting *pro se*, filed a motion for judgment notwithstanding the verdict and a motion for a new trial. These motions were denied by the probate court.

Subsequent to these motions, defendant filed a motion to withdraw as counsel. On December 21, 1992, the trial court journalized the order granting defendant's motion to withdraw.

Thereafter, on December 3, 1993, plaintiff filed the instant legal malpractice case against defendant. After defendant filed his motion for summary judgment on June 1, 1994, plaintiff voluntarily dismissed the case on June 30, 1994. Plaintiff refiled the complaint on June 28, 1995. Again, on September 8, 1995, defendant moved for summary judgment, arguing that the claim was barred by the statute of limitations and that plaintiff did not present any expert testimony to support his claim. The trial court granted defendant's motion and stated that plaintiff failed to bring the action within the one-year statute of limitations for

legal malpractice claims. Plaintiff timely appeals and raises three assignments of error.

I. The first assignment of error has four issues:

Issue 1. "Whether the failure of the trial court, in malpractice actions, to point to an affirmative act by either the attorney or client that signals the end of the relationship, clear [sic] and unambiguously, precludes granting summary judgment on grounds of the statute of limitations in malpractice actions?

Issue 2. "Whether the trial court's grant of summary judgment was error due to the existence of several genuine issues of material facts as to whether or not the action was time barred?

Issue 3. "Whether the trial court's grant of summary judgment was error as a matter of law where local rule requires permission of trial court to withdraw?

Issue 4. "Whether the trial court's granting of summary judgment was barred by the doctrine of equitable estoppel, where the defendant advised the plaintiff that permission of the court was required to withdraw?"

In this assignment, plaintiff argues that the trial court erred in granting summary judgment for defendant on statute of limitations grounds. We disagree.

The standard for summary judgment is as follows:

"Before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274." *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199.

Under R.C. 2305.11(A), a legal malpractice claim must be brought within one year from the time the cause of action accrues. The Ohio Supreme Court summarized the law governing the commencement of the statute of limitations in the syllabus of *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398:

"Under 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible

remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later."

"In other words, the statute of limitations does not begin to run until the later of the following two events, viz.: (1) the termination of the attorney-client relationship, or (2) the occurrence of a 'cognizable event.'" *In re America* (Feb. 8, 1996), Cuyahoga App. Nos. 66808 and 66947, unreported, 1996 WL 50815, at 6.

Cognizable Event

A "cognizable event" is an event sufficient to alert a reasonable person that in the course of legal representation his attorney committed an improper act. *Spencer v. McGill* (1993), 87 Ohio App.3d 267, 622 N.E.2d 7. A cognizable event can occur when the client learns of an adverse decision during litigation. See, generally, *McDade v. Spencer* (1991), 75 Ohio App.3d 639, 600 N.E.2d 371 (cognizable event when plaintiff was cited for contempt for failing to comply with a settlement agreement); *Cutcher v. Chapman* (1991), 72 Ohio App.3d 265, 594 N.E.2d 640 (cognizable event when trial granted summary judgment on statute of limitations grounds); *Lowe v. Cassidy* (Nov. 3, 1994), Franklin App. No. 94APE06–784, unreported, 1994 WL 612376 (cognizable event when jury returned an adverse jury verdict).

In the case at bar, the probate jury returned an adverse verdict on November 16, 1992. Plaintiff's claim of malpractice centers on defendant's representation during the probate trial. When the jury returned a finding that plaintiff had concealed and embezzled assets from his mother's estate, plaintiff was on sufficient notice that his attorney had allegedly committed an improper act.

Termination of Attorney–Client Relationship

For purposes of the statute of limitations, an attorney-client relationship is consensual in nature and the actions of either party that dissolve the essential mutual confidence between attorney and client can signal the termination of the relationship. *Brown v. Johnstone* (1982), 5 Ohio App.3d 165, 5 OBR 347, 450 N.E.2d 693. A letter from an attorney to a client can terminate the attorney-client relationship. *Chapman v. Basinger* (1991), 71 Ohio App.3d 5, 592 N.E.2d 908; *Hickle v. Malone* (1996), 110 Ohio App.3d 703, 675 N.E.2d 48; *Hobbs v. Enz* (June 28, 1996), Franklin App. No. 96APE02—135, unreported, 1996 WL 362042.

In the case at bar, the attorney-client relationship was terminated on November 16, 1992 when, after the jury verdict, defendant told plaintiff that his firm's engagement was over. The fact that plaintiff understood that their

relationship terminated on this date is reflected by his own affidavit, which states as follows:

"After the jury portion of the trial was concluded, the defendant approached me in the lunch area of the court house and advised me that his firm "was not going to handel [sic] the appeal." I acknowledged this statement, as this was my understanding of the agreement. He then advised me that he knew of a client of his who had hired one attorney for negotiations, one for trial and one for appeal portion of a case."

Thus, plaintiff understood that the attorney-client relationship, which had existed for trial only, had been terminated by defendant after the return of the jury verdict. This termination was confirmed in the November 24, 1992 letter, in which defendant unambiguously states that his firm will not be responsible for any post-trial or appellate matters and advises plaintiff of the time frame if plaintiff wanted to file any post-trial motions or an appeal. This letter unequivocally communicated to plaintiff that any further action in the case would occur without defendant as his attorney. It is reasonable to infer that plaintiff understood from this letter that the relationship was over because he subsequently filed his own *pro se* motion for judgment notwithstanding the verdict and new trial.

Plaintiff's argument that defendant's representation lasted until the court granted his motion to withdraw is meritless. This court recently rejected this very argument and held that in a statute of limitations context the conduct of an attorney can terminate an attorney-client relationship prior to the filing of the notice of withdrawal. *Erickson v. Misny* (May 9, 1996), Cuyahoga App. No. 69213, unreported, 1996 WL 239883, at 6.

Accordingly, because the filing of plaintiff's complaint (December 3, 1993) was more than one year after the claim for legal malpractice accrued (November 16, 1992), the trial court did not err in granting summary judgment for defendant based on the statute of limitations.

"II. Whether trial court abused its discretion in not granting plaintiff–appellant's motion to compel discovery?"

In this assignment, plaintiff argues that the trial court abused its discretion by denying his request to review his legal file, which was in the possession of defendant. A trial court's decision to deny a discovery request is reviewed under an abuse of discretion standard. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659. Defendant correctly points out that courts have recognized a common-law lien that allows an attorney to retain a client's file until the client has paid the attorney's fee. *Foor v. Huntington Natl. Bank* (1986), 27 Ohio App.3d 76, 27 OBR 95, 499 N.E.2d

1297. Accordingly, because plaintiff had not paid his legal bill, the trial court did not abuse its discretion in denying his discovery request.

"III. Whether the trial court abused its discretion in denying appellant's motion to vacate judgment under Civil Rule 60(B)1–5, fraudulent concealment of a cause of action, when the defendants, while in possession of knowledge of their malpractice, failed to advise plaintiff and actively concealed this knowledge from the plaintiff."

In order to prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate the following: (1) movant has a meritorious defense or claim to present if relief is granted, (2) movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. A motion for relief from judgment will be overruled if these three elements are not satisfied. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564. A trial court's decision to deny a Civ.R. 60(B) motion is reviewed under an abuse of discretion standard. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 68 O.O.2d 251, 316 N.E.2d 469. Finally, a party may not use a Civ.R. 60(B) motion as a substitute for appeal. *Doe v. Trumbull Cty. Children Serv. Bd.* (1986), 28 Ohio St.3d 128, 28 OBR 225, 502 N.E.2d 605.

In the case at bar, the trial court did not abuse its discretion in denying plaintiff's motion for relief from judgment. As stated above, in order to obtain relief, movant must allege sufficient grounds for relief. Plaintiff filed his motion to obtain relief from the order of the trial court granting summary judgment in favor of defendant. Plaintiff seems to argue that defendant committed various fraudulent acts regarding the probate court trial. Any fraud that would be grounds for relief of the probate court case would have to be raised in that forum. Any alleged fraudulent acts by defendant that may be potential grounds for relief in that case are not relevant to the case at bar. Because plaintiff has not alleged any mistake or fraud that warrants relief from the trial court's grant of summary judgment in the case at bar, this assignment is, accordingly, overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and MATIA, J., concur.