JOURNAL ENTRY AND OPINION
Appellant Preston Tucker appeals from the ruling of the juvenile court granting permanent custody of appellant's two children to the Cuyahoga County Department of Children and Family Services ("CCDCFS") and from the denial of appellant's Civ.R. 60(B) motion for relief from judgment.
Appellant assigns the following errors for review:
 I. IT WAS ERROR FOR THE TRIAL COURT TO GRANT PERMANENT CUSTODY OF DYLAN AND CODY TO CCDCFS BECAUSE IT RELIED ON A GUARDIAN AD LITEM'S REPORT AND REMARKS WHICH CONTAINED DECISIVE MISTAKES CONCERNING APPELLANT AND HIS FAMILY.
 II. IT WAS ERROR FOR THE TRIAL COURT TO GRANT PERMANENT CUSTODY OF CODY AND DYLAN TO CCDCFS BECAUSE SUCH DECISION WAS BASED ON THE FALSE AND MATERIAL STATEMENT IN THE GUARDIAN AD LITEM'S REPORT AND CLOSING REMARKS.
 III. IT WAS NOT APPROPRIATE FOR THE TRIAL COURT'S PERMANENT CUSTODY DECISION TO HAVE PROSPECTIVE APPLICATION ONCE THE PATERNAL GRANDMOTHER WAS GRANTED CUSTODY OF ANOTHER GRANDSON.
 IV. IT WAS ERROR FOR THE TRIAL COURT TO DENY APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT HOLDING A HEARING.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
Dylan Tucker (d.o.b. September 28, 1994) and Cody Tucker (d.o.b. April 7, 1996) are the natural children of appellant and Janine Tucker. Appellant received custody of the children when the couple divorced. On April 28, 1997, CCDCFS removed the children from the physical possession of Janine Tucker following appellant's arrest for child endangering. Appellant left the children in his automobile in the early morning hours while responding to a call from Janine Tucker. On July 17, 1997, the children were found to be neglected and CCDCFS was given temporary custody. The children were placed in foster care.
On August 27, 1998, the trial court granted the motion of CCDCFS for permanent custody of Dylan and Cody after holding a hearing at which appellant presented evidence on his behalf. No appeal was taken from the order. On January 14, 1999, appellant filed a motion for relief from judgment. Appellant attached his affidavit to the motion. In the affidavit, appellant averred he had successfully completed a parenting program, was working full-time, that he had never physically abused his children, and that he had stable housing with a room for his sons. On April 2, 1999, appellant filed a second Civ.R. 60(B) motion. The trial court denied the motions without hearing.
 II.
Appellant's first three assignments of error relate to the trial court's final order of August 27, 1998, granting permanent custody of Dylan and Cody to CCDCFS. Appellant attached a copy of this order to his notice of appeal filed June 24, 1999. Appellant clearly is beyond the thirty-day period provided for under App.R. 4(A) in which a party may file an appeal from a final order. SeeDayton Women's Health Center v. Enix (1990), 52 Ohio St.3d 67. The time requirements of App.R. 4(A) are mandatory and jurisdictional.Kaplysh v. Takieddine (1988), 35 Ohio St.3d 170. This court is without jurisdiction to consider whether the trial court abused its discretion by granting permanent custody of the two children to CCDCFS.
Appellant makes some vague references to Civ.R. 60(B) in his arguments. However, these arguments only relate to the correctness of the trial court's order granting permanent custody of the children to CCDCFS. It is well settled that Civ.R. 60(B) relief is not a substitute for an appeal and cannot be used to circumvent or extend the time requirements for filing an appeal. Blasco v.Mislik (1982), 69 Ohio St.2d 684. See also Wozniak v. Tonidandel
(1997), 121 Ohio App.3d 221.
Appellant's first, second, and third assignments of error are overruled.
 III.
In his fourth assignment of error, appellant contends the trial court erred by not holding a hearing on his Civ.R. 60(B) motion for relief from judgment. Appellant argues that his first Civ.R. 60(B) motion established a sufficient claim showing he did not neglect his sons and that his parental rights should not have been terminated.
Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.
The Supreme Court of Ohio has summarized the requirements necessary to warrant relief from judgment pursuant to Civ.R. 60(B) as follows:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not satisfied, relief is foreclosed. Strack v. Pelton (1994),70 Ohio St.3d 172.
A motion for relief from judgment is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. A trial court need not hold an evidentiary hearing where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B). S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661,667.
Appellant asserts that the trial court abused its discretion by not holding an evidentiary hearing for his first motion for relief from judgment filed on January 14, 1999. Appellant's motion merely states that he has a meritorious claim to present for custody of his sons. Appellant never states what ground for relief under Civ.R. 60(B) applies to his motion. In Sales v. Long (Jan. 22, 1997), Summit App. No. 17825, unreported, the Ninth District Court of Appeals upheld the trial court's denial of a motion for relief from judgment without hearing because the appellant did not identify which ground for relief set forth in Civ.60(B)(1) through (5) entitled him to vacate the judgment. In the instant case, appellant's failure to identify which ground for relief is applicable is fatal to his motion. Appellant did not satisfy the second prong of the GTE test. Further, appellant's affidavit attached in support of the motion states the reasons why appellant believes he should be given custody of his children. This issue was litigated at the hearing held on CCDCFS' motion for permanent custody. Appellant could have raised these arguments on a direct appeal but did not do so. As stated above, a Civ.R. 60(B) motion may not be used as a substitute for an appeal.
The trial court did not abuse its discretion by denying appellant's motion for relief from judgment without first holding a hearing.
Appellant's fourth assignment of error lacks merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and JAMES M. PORTER, J. CONCUR.
 _______________________ LEO M. SPELLACY, JUDGE