OPINION *Page 2 
{¶ 1} This is an appeal of a denial of Appellant Philip L. Proctor's 60(B) Motion for Relief from Judgment by the Common Pleas Court of Delaware County.
 {¶ 2} Appellees are Warner Dean Stewart and the Estate of Josephine Shively.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts are as follows:
 {¶ 4} This action commenced with the Plaintiff, Julie Peterman ("Peterman"), filing a complaint in the Delaware County Common Pleas Court on August 15, 2002.
 {¶ 5} This case was assigned to Judge W. Duncan Whitney. Plaintiff Peterman subsequently amended her complaint on Sept. 6, 2002, and again on July 7, 2003. Peterman was represented during this time by Attorney Philip L. Proctor.
 {¶ 6} On October 24, 2003, Attorney Proctor then filed a Motion to Withdraw as Counsel alleging he would be participating as a witness in the action.
 {¶ 7} On October 29, 2003, the Court granted this motion and ordered Attorney Proctor not to prepare or file any further pleadings on behalf of Plaintiff Peterman. Plaintiff Peterman subsequently represented herself in the action.
 {¶ 8} On November 13, 2003, Peterman filed a motion for voluntary dismissal of the action.
 {¶ 9} On November 19, 2003, the trial court entered a judgment entry of dismissal.
 {¶ 10} On November 24, 2003, Defendant Dean Stewart, the executor of the Estate, then filed a motion for attorney's fees. *Page 3 
 {¶ 11} On December 4, 2003, Defendant Estate filed a motion for award of attorney's fees and costs, which it amended on March 11, 2004.
 {¶ 12} On July 12, 2004, the trial court held a hearing on the motions.
 {¶ 13} On November 22, 2004, subsequent to the filing of post-hearing supplemental documents by the parties and a status conference on the matter, the trial court entered its decision wherein it found that the actions by Plaintiff Peterman and her attorney, Philip L. Proctor, were clearly frivolous, and that the claims asserted in the complaint, amended complaint, and second amended complaint were without merit. The Court supported its findings with evidence from the record. The Court granted the Defendants' motions for attorney's fees, awarding Defendant Stewart $1,780.00 and Defendant Estate $30,215.90, and ordering both awards of attorney's fees to be assessed against Plaintiff Peterman.
 {¶ 14} Appellant Proctor and his client Julie Peterman appealed that judgment to this Court, which, by Opinion and Entry filed September 6, 2006, affirmed the judgment of the trial court.
 {¶ 15} On October 17, 2006, this Court's decision was appealed to the Ohio Supreme Court. The Ohio Supreme Court declined jurisdiction and dismissed the appeals of Attorney Proctor and Peterman on January 24, 2007 and February 7, 2007, respectively. The Supreme Court of Ohio also denied subsequently filed motions for reconsideration on March 28, 2007.
 {¶ 16} On May 10, 2007, Appellant filed a Civil Rule 60(B) Motion to Vacate Judgment as to Attorney and Motion for Relief from Judgment from the original *Page 4 
judgment for legal fees with the Delaware County Common Pleas Court. This motion was assigned to a different trial judge.
 {¶ 17} On September 11, 2007, Appellant filed a Motion to Recuse the assigned trial court judge.
 {¶ 18} By separate Judgment Entries dated October 9, 2007, the trial court denied Appellant's motion to recuse and his 60(B) motion.
 {¶ 19} Appellant now appeals the denial of these two motions. The four Assignments of Error raised by Appellant are:
 ASSIGNMENTS OF ERROR {¶ 20} "I. IN THE JUDGMENT ENTRY FILED ON OCTOBER 9, 2007AND THE JUDGMENT ENTRY FILED ON NOVEMBER 22, 2005, THE TRIAL COURT ERRED WHEN IT DENIED RELIEF FROM JUDGMENT BECAUSE THE COURT FAILED TO EXAMINE THE LEGAL ELEMENTS OF THE CAUSES AND BECAUSE THE MATTERS SET FORTH IN THE LAWSUIT WERE WARRANTED BY LAW
 {¶ 21} "II. IN THE JUDGMENT ENTRIES FILED ON OCTOBER 9, 2007 AND THE JUDGMENT ENTRY FILED ON NOVEMBER 22, 2005, THE TRIAL COURT ERRED BECAUSE ATTORNEY PROCTOR DID NOT HAVE A FAIR AND IMPARTIAL REVIEW IN THE FIRST INSTANCE OR UPON THE 60(B) MOTION, AND THE COURT FURTHER ERRED BY REFUSING TO RECUSE AND ASSIGN THE MATTER TO AN IMPARTIAL TRIAL JUDGE.
 {¶ 22} "III. IN THE JUDGMENT ENTRIES FILED ON OCTOBER 9, 2007, THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT A HEARING, ESPECIALLY *Page 5 
REGARDING THE NEWLY DISCOVERED EVIDENCE AND EVIDENCE THAT THE ORIGINAL TRIAL JUDGE WAS BIASED OR PREJUDICED.
 {¶ 23} "IV. IN THE JUDGMENT ENTRY FILED ON OCTOBER 9, 2007, THE TRIAL COURT ERRED WHEN IT REFUSED TO VACATE THE NOVEMBER 22, 2005 JUDGMENT ENTRY BECAUSE THE COURT LACKED PERSONAL JURISDICTION OR VACATE IN PART BECAUSE THE COURT LACKED SUBJECT MATTER JURISDICTION."
 I. {¶ 24} In his first assignment of error Appellant argues that the trial court erred in denying his 60(B) Motion to Vacate Judgment as to Attorney and Motion for Relief from Judgment. We disagree.
 {¶ 25} The grant or denial of a motion for relief from judgment under Civ. R. 60(B) rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d, 217, 219, 450 N.E.2d 1140.
 {¶ 26} Civ. R. 60(B) states in pertinent part:
 {¶ 27} "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been *Page 6 
satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken."
 {¶ 28} A party seeking relief from judgment pursuant to Civ. R. 60(B) must show, (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ. R. 60(B)(1)-(5); and (3) the motion must be timely filed. GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564; Argo Plastic Prod. Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328.
 {¶ 29} In addition, where grounds for relief from judgment appear on the face of the record, a trial court abuses its discretion by denying the moving party's motion for relief from judgment. Hatcher v. City ofCleveland (Dec. 10, 1992), 8th Dist. No. 63668.
 {¶ 30} The trial court has discretion whether to hold a hearing before ruling on the motion. Where grounds for relief from judgment appear on the face of the record, a court may grant the motion without a hearing.Matson v. Marks (1972), 32 Ohio App.2d 319, 291 N.E.2d 491, paragraph five of the syllabus; Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,371 N.E.2d 214, syllabus. However, where grounds for relief from judgment appear on the face of the record, a court abuses its discretion and may not overrule the motion unless it first makes a factual determination of the alleged grounds *Page 7 
for relief adverse to the movant. Matson, supra, paragraph six of the syllabus. In other words, if movant's Civ. R. 60(B) motion contains allegations of operative facts warranting relief, the trial court should grant a hearing to take evidence and either discredit or verify these facts before ruling. Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16,448 N.E.2d 809. U.A.P. Columbus JV326132 v. Plum (1986), 27 Ohio App.3d 293,500 N.E.2d 924.
 {¶ 31} Appellant argues his motion under Civ. R. 60(B)(5): However, Civil Rule 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. Meadow Wind Health Care Center, Inc. v. McInnes, Stark App. No. 2001 CA00230, 2002-Ohio-1000, citing Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365. It is not to be used as substitute for relief on other grounds when it is too late to seek relief on such grounds. Cerney v. Norfolk W. Ry. Co. (1995),104 Ohio App.3d 482, 662 N.E.2d 827. This catch-all provision is to be used in the extraordinary and unusual case when the interest of justice warrants it. Id. The grounds for invoking this provision should be substantial.Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365.
 {¶ 32} Upon review of Appellant's arguments for relief we find that while Appellant classifies his claim under Civ. R. 60(B)(5), we find his arguments fit more appropriately under Civ. R. 60(B)(1) and(2), although Appellant never states what the newly discovered evidence is. Appellant, in his 60(B) motion is asking the trial court to overturn its prior decision for the same reasons Appellant previously argued, and ultimately lost, on appeal.
 {¶ 33} The Ninth District Court of Appeals has stated: "It is clear that Civ. R. 60(B) relief is not available as a substitute for an appeal * * *. The movant must allege new *Page 8 
grounds for Civ. R. 60(B) relief; it may not use the arguments it lost under the judgment to justify relief from the judgment." (Citations omitted.) Elyria Twp. Bd. of Trustees v. Kerstetter (1993),91 Ohio App.3d 599, 602, 632 N.E.2d 1376. Thus, when a party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ. R. 60(B) is not available as a substitute for appeal. Wozniak v. Tonidandel (1997),121 Ohio App.3d 221, 228, 699 N.E.2d 555, 559
 {¶ 34} Upon review, we find the doctrine of res judicata applies sub judice. In Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." In Nolan v. Nolan (1984),11 Ohio St.3d 1, 3, the Supreme Court of Ohio summarized the "law of the case" doctrine as follows: Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.* * * It is well-established that a party may not use a Civ. R. 60(B) motion as a substitute for a timely appeal. See Doe v. Trumbull Cty. Children Services Bd. (1986),28 Ohio St.3d 128, 502 N.E.2d 605, paragraph two of the syllabus.
 {¶ 35} Upon review, we find the trial court did not abuse its discretion in denying Appellant's Civ. R. 60(B) motion. Assignment of Error I is denied. *Page 9 
 II. {¶ 36} In his second assignment of error, Appellant argues that the trial court erred in denying his 60(B) motion based upon bias and/or prejudice of the original trial court judge and further erred in denying his motion to recuse. We disagree.
 {¶ 37} The Supreme Court of Ohio has exclusive jurisdiction over such matters pursuant to R.C. § 2701.03. The statute reads:
 {¶ 38} "(A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.
 {¶ 39} "(B) An affidavit of disqualification filed under section 2101.39 or 2501.13 of the Revised Code or division (A) of this section shall be filed with the clerk of the supreme court not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and shall include all of the following:
 {¶ 40} "(1) The specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations or, in relation to an affidavit filed against a judge of a court of appeals, a specific allegation that the judge presided in the lower court in the same proceeding and the facts to support that allegation;
 {¶ 41} "(2) The jurat of a notary public or another person authorized to administer oaths or affirmations; *Page 10 
 {¶ 42} "(3) A certificate indicating that a copy of the affidavit has been served on the probate judge, judge of a court of appeals, or judge of a court of common pleas against whom the affidavit is filed and on all other parties or their counsel;
 {¶ 43} "(4) The date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled.
 {¶ 44} "* * *
 {¶ 45} "(E) If the clerk of the supreme court accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section and if the chief justice of the supreme court, or any justice of the supreme court designated by the chief justice, determines that the interest, bias, prejudice, or disqualification alleged in the affidavit does not exist, the chief justice or the designated justice shall issue an entry denying the affidavit of disqualification. If the chief justice of the supreme court, or any justice of the supreme court designated by the chief justice, determines that the interest, bias, prejudice, or disqualification alleged in the affidavit exists, the chief justice or the designated justice shall issue an entry that disqualifies that judge from presiding in the proceeding and either order that the proceeding be assigned to another judge of the court of which the disqualified judge is a member, to a judge of another court, or to a retired judge."
 {¶ 46} R.C. 2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. Adkins v.Adkins (1988), 43 Ohio App.3d 95, 539 N.E.2d 686. Thus, an appellate court clearly lacks any authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. State v. Ramos (1993), 88 Ohio App.3d 394, 623 N.E.2d 1336. *Page 11 
 {¶ 47} By failing to properly file an affidavit of disqualification with the Supreme Court pursuant to R.C. § 2701.03, a party waives any error relating to the trial judge's denial of a motion to recuse.State v. Fannin, Cuyahoga App. No. 80014, 2002-Ohio-4180,2002 WL 1878860. Appellant failed to abide by the mandatory requirements of R.C. § 2701.03; therefore, he waived any argument with regard to disqualification.
 {¶ 48} Appellant's second assignment of error is overruled.
 III. {¶ 49} In his third assignment of error, Appellant argues that the trial court erred in not holding a hearing on his 60(B) motion. We disagree.
 {¶ 50} A party is not automatically entitled to a hearing on a Civ. R. 60(B) motion, Hrabak v. Collins (1995), 108 Ohio App.3d 117. InHarris v. Harris (February 5, 2001), Stark App. No. 2000CA00196, we found a movant is not entitled to evidentiary hearing if the movant fails to allege operant facts which, if true, would be sufficient to establish each of the elements of the GTE test, Harris at 4, citations deleted.
 {¶ 51} The standard for when an evidentiary hearing on a Civ. R. 60(B) motion is necessary is set forth in Cogswell v. Cardio Clinic ofStark County, Inc. (October 21, 1991), Stark App. No. CA-8553. InCogswell, this Court held under Civ. R. 60(B), a hearing is not required unless there exist issues supported by evidentiary quality affidavits. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment. Cogswell;BancOhio National Bank v. Schiesswohl (1988), 51 Ohio App.3d 130 *Page 12 
 {¶ 52} In the case sub judice, Appellant's motion failed to allege operative facts which, if true, would be sufficient to establish each of the elements of the GTE test.
 {¶ 53} Appellant's third assignment of error overruled.
 IV. {¶ 54} In his fourth assignment of error, Appellant argues that the trial court erred in not granting his 60(B) motion because the trial court lacked personal jurisdiction and subject matter jurisdiction. We disagree.
 {¶ 55} Appellant raised this assignment of error in his first appeal to this Court. The first assignment of error raised by Appellant inPeterman v. Shively, Delaware App. No. 05-CAE-12-0082, 2006-Ohio-**** was:
 {¶ 56} "I. IN THE JUDGMENT ENTRY FILED ON NOVEMBER 22, 2005, THE TRIAL COURT FAILED TO ANALYZE THE ATTORNEY AND CLIENT SEPARATELY AND THEREFORE FAILED TO RECOGNIZE PROCEDURAL AND LEGAL ISSUES THAT WOULD APPLY TO THE ATTORNEY WHICH INCLUDED THE FACT THAT APPELLEES WERE OUT OF RULE, APPELLEES DID NOT PROVIDE PROPER NOTICE, AND THAT THE ATTORNEY DID NOT ACT WILFULLY [SIC] CONTRARY TO THE STATUTE OR CIVIL RULE.
 {¶ 57} "A. APPELLEE-ESTATE FILED OUT OF RULE AS TO ATTORNEY PROCTOR.
 {¶ 58} "B. BOTH APPELLEES WERE OUT OF RULE AS TO ATTORNEY PROCTOR BECAUSE HE WITHDREW UNOPPOSED FROM THE CASE.
 {¶ 59} "C. ATTORNEY PROCTOR WAS NOT SERVED WITH THE MOTION.
 {¶ 60} "D. NO NOTICE WAS PROVIDED AS TO ATTORNEY PROCTOR. *Page 13 
 {¶ 61} "E. AN ATTORNEY CANNOT BE LIABLE UNLESS THERE WAS MISCONDUCT THAT WAS DONE WILFULLY [SIC].
 {¶ 62} "F. AN ATTORNEY CANNOT BE LIABLE FOR ADVOCATING THE POSITION OF HIS OWN CLIENT."
 {¶ 63} This assignment was overruled by this Court, wherein, it held:
 {¶ 64} "The procedural assertions of Appellant Proctor are without merit as the hearing was set and continued several times without known raising of this objection." Id.
 {¶ 65} As previously stated, Appellant is barred from re-litigating this issue by the doctrine of res judicata.
 {¶ 66} Appellant's fourth assignment of error is overruled.
 {¶ 67} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1