[Cite as *Vocaire v. Stafford & Stafford Co. L.P.A.*, 2011-Ohio-4957.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96302**

## KELLY M. VOCAIRE

PLAINTIFF-APPELLANT

vs.

## STAFFORD & STAFFORD CO., LPA, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-582893

**BEFORE:** Cooney, J., Jones, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 29, 2011

**ATTORNEY FOR APPELLANT**

Deborah L. Smith
151 East Market Street
P.O. Box 4270
Warren, Ohio 44482

**ATTORNEYS FOR APPELLEES**

John P. O'Neil
Gregory G. Guice
Reminger Co., L.P.A.
101 Prospect Avenue West
1400 Midland Building
Cleveland, Ohio 44115

COLLEEN CONWAY COONEY, J.:

{¶ 1} Plaintiff-appellant, Kelly Vocaire ("Vocaire"), appeals the trial court's denial of her motion to amend the complaint and the dismissal of her complaint against defendants-appellees, Stafford & Stafford Co. L.P.A., Vincent A. Stafford, and Kenneth J. Lewis (collectively referred to as "Stafford"). We find no merit to the appeal and affirm.

{¶ 2} In this legal malpractice case, Vocaire alleges that Stafford negligently failed to notify her of a critical hearing date upon withdrawing as her counsel in proceedings pertaining to the custody and support of her child. The facts, as set forth in the complaint, are as follows:

{¶ 3} Vocaire entered into an attorney-client relationship with Stafford in December 1997. She retained Stafford to, among other things, correct a child support order entered by the Stark County domestic relations court on February 11, 1998. On February 18, 1998, Stafford filed a motion to vacate the February 11, 1998 child support order, claiming it was entered in error.

{¶ 4} Sometime in 2000, Stafford filed a motion for leave to withdraw as Vocaire's counsel. On November 6, 2000, the court scheduled a final hearing for January 10, 2001 and advised counsel that it would hear all pending motions, including Vocaire's motion to vacate the February 11, 1998 child support order. The court also ordered Stafford to notify Vocaire of the final hearing date before it would approve the motion to withdraw. The domestic relations court granted Stafford's motion to withdraw as counsel on November 22, 2000. Vocaire alleges that because Stafford never advised her of the final hearing date, she did not appear for the hearing and the court substantially increased her child support obligation.

{¶ 5} The complaint further alleges that in October 2001, "Vocaire began receiving notices from the Stark County Child Support Enforcement Agency showing her monthly child support obligation to be $598.00 per month and further showing substantial arrearages." When Vocaire brought the notices to Stafford's attention, she claimed Stafford falsely advised her that they would "'take care' of correcting the child support

records and seek to amend the arrearages." However, Stafford never filed a motion to decrease the child support obligation and Vocaire continued to be in arrears.

**{¶ 6}** Vocaire alleges that she learned "[s]ometime after October 2004" that the domestic relations court held the final hearing on January 10, 2001 without notice to her. According to the complaint, the parties' attorney-client relationship "finally" terminated on September 15, 2004, when Stafford again withdrew from its representation of Vocaire.

**{¶ 7}** Vocaire filed the complaint in this case on January 27, 2006. Stafford filed a timely motion to dismiss, arguing that: (1) Vocaire lacked standing to bring her claims because she was not the real party in interest; and (2) Vocaire's claims were barred by the statute of limitations. Stafford attached unverified copies of a docket from the U.S. Bankruptcy Court, Western District of Pennsylvania, to the motion to dismiss to demonstrate that Vocaire had previously filed a Chapter 7 bankruptcy petition. In its motion to dismiss, Stafford argued the trustee in bankruptcy, who was the real party in interest, was not a party to the case and Vocaire lacked standing to file suit on her own.[1] In response, Vocaire filed a motion for leave to amend the complaint, a brief in opposition to the motion to dismiss, and a notice of bankruptcy proceedings and motion to stay, which stayed the case indefinitely.

---

[1] All of a debtor's property, including civil causes of action, is the property of the bankruptcy estate. *In re Cottrell* (C.A. 6, 1989), 876 F.2d 540, 542; 11 U.S.C.A. § 541; Civ.R. 17.

**{¶ 8}** The trial court reactivated the case in April 2010, after Vocaire and the bankruptcy trustee obtained an order from the bankruptcy court terminating the stay and granting permission to pursue the claim. However, in December 2010, the trial court denied Vocaire's motion to join the bankruptcy trustee and granted Stafford's motion to dismiss. This appeal followed.

**{¶ 9}** Although Vocaire raises two assignments of error, we find the second assigned error dispositive. In the second assignment of error, Vocaire argues the trial court erred in granting Stafford's motion to dismiss. She contends Vocaire should have been permitted to join the bankruptcy trustee pursuant to Civ.R. 17(A) and that her claims were not barred by the statute of limitations. We disagree.

**{¶ 10}** We review the trial court's decision granting a motion to dismiss de novo. *Hughes v. Miller*, Cuyahoga App. No. 91482, 2009-Ohio-963. Civ.R. 12(B)(6) permits a party to file a motion to dismiss a complaint for failure to state a claim for relief. Civ.R. 12(B)(6) motions test the sufficiency of the complaint. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 325, 603 N.E.2d 1005. In order for a court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the moving party can prove no set of facts in support of

his claim that would entitle him to relief. *Taylor v. London,* 88 Ohio St.3d 137, 139, 2000-Ohio-278, 723 N.E.2d 1089, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.

{¶ 11} When reviewing a motion to dismiss for failure to state a claim, a court must accept the facts stated in the complaint as true and must construe all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. The court may not consider "matters outside the pleadings," unless the court converts the motion to dismiss into a motion for summary judgment. "The matters outside the pleadings are specifically enumerated in Rule 56," and all parties are "given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Civ.R. 12(B); *S. Christian Leadership Conference v. Combined Health Dist.,* 191 Ohio App.3d 405, 2010-Ohio-6550, 946 N.E.2d 282, ¶30. Therefore, in our de novo review, we do not consider the unverified docket from the bankruptcy court concerning Vocaire's bankruptcy.[2]

---

[2] We are mindful that a trial court may take judicial notice of "appropriate matters" in considering a [Civ.R. 12(B)(6)] motion to dismiss for failure to state a claim. *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16, 1996-Ohio-231, 661 N.E.2d 170. However, a trial court cannot take judicial notice of court proceedings in another case, and may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved; a court may only take judicial notice of the proceedings in the immediate case. *Charles v. Conrad*, Franklin App. No. 05AP-410, 2005-Ohio-6106, ¶26. The rationale for the rule is that the appellate court cannot review the propriety of the trial court's reliance on such prior proceedings because that record is not before the appellate court. Id.; *Northpoint Properties, Inc. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶15-17.

{¶ 12} The facts set forth in the complaint demonstrate that Vocaire's legal malpractice claim is barred by the statute of limitations. The statute of limitations for a legal malpractice claim is one year. R.C. 2305.11(A). A legal malpractice action accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or nonact, and the client is put on notice of the need to pursue his possible remedies against the attorney, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. *Zimmie v. Calfee*, *Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, at syllabus.

{¶ 13} A "cognizable event" is an event sufficient to alert a reasonable person that in the course of legal representation, his attorney committed an improper act. *Wozniak v. Tonidandel* (1997), 121 Ohio App.3d 221, 699 N.E.2d 555. In other words, a cause of action does not arise "until the plaintiff knows, or by the exercise of reasonable diligence should know, that he or she has been injured" by the defendant's conduct. *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.*,128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, ¶14, citing *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 507, 692 N.E.2d 581. "The rule entails a two-pronged test — i.e., actual knowledge not just that one has been injured but also that the injury was caused by the conduct of the defendant." Id., citing

*O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 87, 90, 447 N.E.2d 727. The statute of limitations does not begin to run until both prongs have been satisfied.

{¶ 14} Vocaire claims Stafford was negligent in failing to notify her of the child support hearing held on January 10, 2001. However, Vocaire admits she began receiving notices from the Stark County Child Support Enforcement Agency showing that her monthly obligation had increased to $598 per month in October 2001. She further acknowledges that she complained about the increase to Stafford repeatedly "[f]rom August, 2002 through September 15, 2004," but claims they promised to "'take care' of correcting the child support records and seek to amend the arrearages."

{¶ 15} The test for identifying a cognizable event is an objective one. *Woodrow v. Heintschel*, Lucas App. No. L-10-1206, 2011-Ohio-1840, ¶40. How would a reasonable person, dissatisfied with Stafford's efforts to correct this problem, have reacted? "The test necessarily takes into account all the relevant facts and circumstances." Id. A reasonable person would not have waited almost three years to investigate why her child support payments increased by over $200 per month especially since the increased monthly obligation applied retroactively for a total "in excess of $45,000."

{¶ 16} Vocaire obviously suspected there was a problem because she admits she repeatedly asked her attorneys to correct it. By the time the attorney-client relationship terminated on September 15, 2004, Vocaire should have known the increased child support obligation was related to her attorney's act or nonact, especially since they failed

to "take care" of it as promised. Thus, the statute of limitations started running on September 15, 2004, at the very latest. Yet Vocaire did not file the complaint until January 27, 2006, well over one year later.

{¶ 17} Therefore, the trial court properly dismissed the complaint as barred by the statute of limitations, and the second assignment of error is overruled. Therefore, the remaining issues regarding Vocaire's standing in light of her seeking to join the bankruptcy trustee and the denial of her motion to amend the complaint are moot.

Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

LARRY A. JONES, P.J., and
EILEEN A. GALLAGHER, J., CONCUR