[Cite as *Robert J. Behal Law Office, L.L.C. v. Johnson*, 2012-Ohio-1932.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ROBERT J. BEHAL LAW OFFICES LLC | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| PATRICK JOHNSON | Case No. 11CA000034 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County Court of Common Pleas, Case No. 10CV000056

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      April 18, 2012

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

JACK D'AURORA
The Behal Law Group LLC
501 S. High Street
Columbus, Ohio 43215

PATRICK JOHNSON
18351 Cadiz Road
Lore City, Ohio 43755

*Hoffman, P.J.*

{¶1} Defendant-appellant Patrick R. Johnson appeals the May 28, 2010 Entry entered by the Guernsey County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Robert J. Behal Law Offices, LLC. Appellant also appeals the September 1, 2011 Findings of Fact/Conclusions of Law/Judgment Entry entered by the same, which found Appellee was not entitled to a monetary award against Appellant.

STATEMENT OF THE FACTS AND CASE

{¶2} On July 11, 2005, a magistrate conducted a final hearing in the divorce trial of Appellant and his now ex-wife. Appellant was represented by Attorney Douglas A. Moorehead during the proceedings. The magistrate issued a decision on August 4, 2005. Appellant and his mother, Anna Johnson, were unhappy with the magistrate's decision and Attorney Moorehead's representation of Appellant. Sometime in August/September, 2005, Appellant and Mrs. Johnson allegedly retained Attorney Robert Behal to bring a legal malpractice action against Attorney Moorehead. It appears from the record Attorney Behal filed objections to the magistrate's decision in the divorce proceeding as well as an appeal from the final judgment in the divorce action.

{¶3} Attorney Behal claims to have informed Appellant he did not handle malpractice cases and would have to refer him to another attorney. Appellant testified he and his mother were "dumbfounded" and their "jaws dropped" when, in June/July, 2006, Attorney Behal informed them he would not represent Appellant in a malpractice action and Appellant would have to hire another attorney. Appellant's malpractice

action against Attorney Moorehead was filed by Attorneys Meizlish and Golden on September 11, 2006. Appellant voluntarily dismissed that malpractice case in December, 2007.

{¶4} On October 22, 2009, Appellee filed an action against Appellant in the Cambridge Municipal Court, seeking unpaid attorney fees. Appellant filed a pro se answer and counterclaim. In his counterclaim, Appellant alleged Attorney Behal had committed malpractice during his representation of Appellant. Appellant sought damages in excess of $15,000; therefore, the matter was transferred to the Guernsey County Court of Common Pleas. On April 27, 2010, Appellee filed a motion for summary judgment on the counterclaim, asserting the counterclaim was barred by the applicable statute of limitations. Appellant filed an answer in opposition to the motion for summary judgment on May 6, 2010.

{¶5} Via Entry dated May 28, 2010, the trial court granted summary judgment in favor of Appellee, finding Appellant's claim was time barred. The trial court conducted a bench trial on Appellee's complaint on August 18, 2011. Via Findings of Fact/Conclusions of Law/Judgment Entry dated September 1, 2011, the trial court concluded Appellee was not entitled to a monetary award against Appellant.

{¶6} It is from these judgment entries Appellant appeals, raising as error:

{¶7} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHICH APPLIED THE R.C. 2305.11(A) TO THE CONTRACT FOR LEGAL SERVICES WHEN THE ATTORNEY FAILED TO COMPLY WITH THE RULES OF PROFESSIONAL RESPONSIBILITY."

{¶8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶9} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶10} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to

some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

I

**{¶11}** In his sole assignment of error, Appellant contends the trial court erred in granting summary judgment in favor of Appellee based upon a finding Appellant's claim was time barred because Attorney Behal allegedly failed to comply with the Code of Professional Responsibility and Rules of Professional Conduct.

**{¶12}** In his counterclaim, Appellant alleged Attorney Behal committed malpractice by failing to file a malpractice action against Attorney Moorehead. It was upon this assertion and the facts related thereto the trial court found Appellant's counterclaim was barred by the applicable statute of limitations. However, in his Brief to this Court, Appellant asserts Attorney Behal committed malpractice by failing to execute a written retention agreement in violation of R. 1.5(b) of the Rules of Professional Conduct. We will not address this argument as Appellant cannot change the theory of his case and present this new argument for the first time on appeal. *Odita v. Phillips,* 10th Dist. No. 09AP-1172, 2010-Ohio-4321, ¶ 47, citing *Abshire v. Mauger,* 10th Dist.

No. 09AP-83, 2010-Ohio-787; see also *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections* (1992), 65 Ohio St.3d 175, 177.

**{¶13}** We now address the issue of whether the trial court's grant of summary judgment based upon the expiration of the statute of limitations was appropriate in this case.

**{¶14}** The statute of limitations for a legal malpractice claim is one year. R.C. 2305.11(A). A legal malpractice action accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or nonact, and the client is put on notice of the need to pursue his possible remedies against the attorney, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, at syllabus.

**{¶15}** A "cognizable event" is an event sufficient to alert a reasonable person that in the course of legal representation, his attorney committed an improper act. *Wozniak v. Tonidandel* (1997), 121 Ohio App.3d 221, 699 N.E.2d 555. In other words, a cause of action does not arise "until the plaintiff knows, or by the exercise of reasonable diligence should know, that he or she has been injured" by the defendant's conduct. *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.,* 128 Ohio St.3d 529, 2011–Ohio– 1961, 947 N.E.2d 672, ¶ 14, citing *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 507, 692 N.E.2d 581. "The rule entails a two-pronged test—i.e., actual knowledge not just that one has been injured but also that the injury was caused by the conduct of the defendant." *Id.,* citing *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 87, 90, 447

N.E.2d 727. The statute of limitations does not begin to run until both prongs have been satisfied.

{¶16} The evidence reveals the cognizable event in the instant action was a meeting in early July, 2006, at which Appellant learned Attorney Behal would not handle the malpractice case against Attorney Moorehead. At the latest, we find the cognizable event occurred on September 11, 2006, when Attorneys Keith Golden and Jodie Meizlish of Krupman, Golden, Meizlish, & Marks, LLP filed the professional negligence action against Attorney Moorehead. Appellant asserted his malpractice claim in his counterclaim filed December 28, 2009, some three years after the latest cognizable event in September, 2006.[1] .

{¶17} Appellant's sole assignment of error is overruled.

{¶18} The judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

---

[1] We find Appellant's attempt to cast his claim as one for breach of contract to avoid the one year statute of limitation to no avail. See, *Warman v. L. Patrick Mulligan & Assoc., Co.*, 2nd Dist. No. 22503, 2009-Ohio-1940.

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

ROBERT J. BEHAL LAW OFFICES LLC     :
                                    :
    Plaintiff-Appellee              :
                                    :
-vs-                                :               JUDGMENT ENTRY
                                    :
PATRICK JOHNSON                     :
                                    :
    Defendant-Appellant             :               Case No. 11CA000034


For the reasons stated in our accompanying Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE