[Cite as *DJL, Inc. v. Massingille*, 2011-Ohio-6281.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96644

## DJL, INC. D.B.A. COUNTRY LAKES PARTY CENTER

PLAINTIFF-APPELLEE

vs.

## SUSAN MASSINGILLE, ET AL.

DEFENDANTS-APPELLANTS

JUDGMENT:
AFFIRMED

Civil Appeal from the
Parma Municipal Court
Case No. 10 CV 102637


**BEFORE:** Kilbane, A.J., Blackmon, J., and S. Gallagher, J.


**RELEASED AND JOURNALIZED:** December 8, 2011

**ATTORNEY FOR APPELLANTS**

Nate N. Malek
Law Office of Nate N. Malek, LLC
29025 Bolingbrook Road
Cleveland, Ohio 44124


**ATTORNEY FOR APPELLEE**

Neal M. Jamison
1 Berea Commons
Suite 216
Berea, Ohio 44017

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendants-appellants, Susan and Darrell Massingille, appeal from the orders of the trial court that entered a default judgment against them and denied their motion to vacate that judgment. For the reasons set forth below, we affirm both orders.

{¶ 2} On July 8, 2010, plaintiff-appellee, Country Lakes Party Center ("Country Lakes"), filed a small claims complaint against defendants for $1,676 for breach of contract for a wedding reception.[1] The summons advised defendants that the hearing would be held on the matter on August 10, 2010, and further advised them that pursuant to R.C. 1925.05 a default judgment may be entered against them if they failed to appear. The summons additionally indicated that if defendants had a claim against the plaintiff, they must file a counterclaim at least seven days before the trial date.

---

[1] This amount was derived from a contract provision specifying that liquidated damages in the amount of $2,876 would be due if the event was cancelled within three months of the agreed-upon date, less two $600 deposits. The record additionally reflects that defendants made other nonrefundable payments for a gazebo rental and for a horse and carriage.

**{¶ 3}** On August 6, 2010, defendants' attorney filed a motion to continue[2] the matter and an "answer and counterclaim" which stated:

> **"Defendants * * * move this Honorable Court to transfer the within matter to the regular docket and off the small claims docket because Defendants' prayer on their counterclaim exceeds the small claims jurisdictional amount."**

**{¶ 4}** In defendants' answer and counterclaim filed on August 6, 2010, they denied liability and alleged that plaintiff breached a contract for a right of first refusal to use a larger banquet hall at Country Lakes. Defendants prayed for damages in the amount of $7,950, an amount beyond the monetary jurisdiction of the small claims court. The court did not rule on the motion prior to hearing.

**{¶ 5}** Defendants failed to appear for trial before a magistrate on August 10, 2010. Plaintiff presented evidence, and judgment was entered against defendants in the amount of $1,676.

**{¶ 6}** On August 23, 2010, defendants filed objections to the magistrate's decision in which they maintained that the court, in its discretion, should have deemed the counterclaim to be timely filed because defendants were initially unrepresented by counsel. Defendants additionally maintained that the matter should be transferred to the court's regular docket in light of the counterclaim that contained a prayer for damages in excess of the monetary

---

[2]The court did not rule on these motions prior to trial so they are deemed implicitly denied. *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 1998-Ohio-329, 692 N.E.2d 198.

jurisdiction of the small claims division of the court. On December 9, 2010, the trial court overruled defendants' objections to the magistrate's decision and adopted the magistrate's decision in its entirety.

{¶ 7} On March 16, 2011, defendants filed a motion for relief from judgment in which they asserted that, as pro se litigants, they had failed to timely file their answer and counterclaim through inadvertence and excusable neglect, and that the court was required to transfer the matter to the court's general division. On March 17, 2011, the trial court denied the motion to vacate.

{¶ 8} Defendants now appeal and assign two errors for our review.

{¶ 9} Defendants' first assignment of error states:

**"The trial court erred when it failed to allow Defendants to file an answer and counterclaim which would have required the case to be transferred out of the small claims division."**

{¶ 10} Within this assignment of error, defendants maintain that the trial court erred in failing to transfer this dispute to the court's general division, in accordance with this court's previous decision in *Midwest Fireworks Mfg. Co., Inc. v. Quality Logistics, Inc.*, Cuyahoga App. Nos. 81242 and 81564, 2002-Ohio-7254.

{¶ 11} Pursuant to R.C. 1925.02(A), a small claims division of a municipal court has jurisdiction in civil actions for the recovery of amounts not exceeding three thousand dollars, exclusive of interest and costs. In accordance with R.C. 1925.02(B), if a counterclaim or

cross-claim exceeds three thousand dollars, the case may be transferred to the regular docket of the court. However, "[a]ny person who files a counterclaim or cross-claim shall file it with the small claims division and serve it on all other parties at least seven days prior to the date of the trial of the plaintiff's claim in the original action." R.C. 1925.02(C).

{¶ 12} Further, R.C. 1925.05 provides that the following notice be given to defendants in small claims actions:

> **"If you believe you have a claim against the plaintiff, you must file a counterclaim with the court and must serve the plaintiff and all other parties with a copy of the counterclaim at least seven days prior to the date of the trial of the plaintiff's claim."**

{¶ 13} Municipal court rules for filing counterclaims that track these deadlines are permitted. See *Hollis v. Wheeler* (May 15, 1997), Cuyahoga App. No. 71547.

{¶ 14} Pursuant to R.C. 1925.10, however,

> **"(A) A civil action that is duly entered on the docket of the small claims division shall be transferred to the regular docket of the court upon the motion of the court *made at any stage of the civil action* or by the filing of a counterclaim or cross-claim for more than three thousand dollars.**
>
> **(B) In the discretion of the court, a case duly entered on the docket of the small claims division may be transferred to the regular docket of the court upon the motion of a party against whom a claim, counterclaim, or cross-claim is instituted or upon the motion of a third-party defendant. A motion filed under this division shall be accompanied by an affidavit stating that a good defense to the claim exists, setting forth the grounds of the defense, and setting forth the compliance of the party or third-party defendant with any terms fixed by the court. The failure to file a motion under this division to transfer a case to the regular docket of the court constitutes a waiver by the party or**

**third-party defendant of any right to a trial by jury."** (Emphasis added.)

{¶ 15} In this matter, defendants maintain that the matter should have been transferred since they filed a motion to transfer that complied with R.C. 1925.10. We note, however, that defendants did not file a motion to transfer, and did not file an affidavit indicating that a good defense to the claim exists and setting forth the grounds of the defense. Rather, defendants indicated in a document entitled answer and counterclaim, that the basis of the requested transfer was that "[d]efendants prayer on their counterclaim exceeds the small claims jurisdictional amount." Accordingly, we conclude that the basis of the motion to transfer was the counterclaim and not the provisions of R.C. 1925.10, so the time limits of R.C. 1925.02(C) were applicable. Further, because the counterclaim was not filed seven days prior to the date of the trial, transfer was properly denied.

{¶ 16} In *Midwest Fireworks Mfg. Co. Inc.*, the defendant filed motions to transfer the cases to the municipal court's regular docket and for discovery two months prior to trial. This court observed that defendant complied with the requirements of R.C. 1925.10, and the defendant's motion to transfer the case to the regular docket set forth averments regarding several good defenses. This court held that the case should have been transferred to the municipal court's general civil docket because the case involved novel issues of law and that defendant was entitled to discovery mechanisms not ordinarily available in small claims court.

*Midwest Fireworks Mfg. Co., Inc.* is therefore clearly distinguishable from this matter that simply asserted the untimely counterclaim as the basis for the transfer.

{¶ 17} The first assignment of error is without merit.

{¶ 18} Defendants' second assignment of error states:

**"The trial court erred when it failed to allow Defendants to file an answer and counterclaim which would have required the case to be transferred out of the small claims division."**

{¶ 19} Within this assignment of error, defendants maintain that the trial court erred in denying their motion for relief from judgment.

{¶ 20} A trial court is vested with discretion in determining whether to grant a motion for relief from judgment under Civ.R. 60(B), and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122.

{¶ 21} Pursuant to Civ.R. 60(B),

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order

or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

{¶ 22} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

{¶ 23} Defendants maintain that they are entitled to relief from judgment on the basis of excusable neglect and/ or inadvertence since they initially were pro se litigants and did not know of the requirements for filing an answer and counterclaim. Pro se litigants are held to the same rules, procedures, and standards as litigants represented by counsel. *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25; *Sabouri v. Ohio Dept. of Job & Family Serv.* (2001), 145 Ohio App.3d 651, 763 N.E.2d 1238.

{¶ 24} Therefore, courts generally do not permit pro se litigants who are careless or unfamiliar with the legal system to use Civ.R. 60(B)(1) to obtain relief from judgment. *Dayton Power & Light v. Holdren*, Highland App. No. 07CA21,

{¶ 25} 2008-Ohio-5121, citations omitted.   Further, small claims courts have been created in part to provide pro se litigants with a forum.   *Hundley v. Vectren Energy Delivery Of Ohio, Inc.*, Montgomery App. No. 19870, 2003-Ohio-6237.

{¶ 26} Moreover, defendants were represented by counsel as of the date of trial but did not appear, even though their motion to continue had not been ruled upon.

{¶ 27} Accordingly, we conclude that the trial court acted within its discretion in denying the motion for relief from judgment.   The second assignment of error is without merit.

Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., and
SEAN C. GALLAGHER, J., CONCUR