[Cite as *Sunshine Ltd. Ctr. v. Kidztown Early Learning Ctr.*, 2013-Ohio-2092.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98879**

---

# SUNSHINE LIMITED DEVELOPMENT

PLAINTIFF-APPELLEE

vs.

# KIDZTOWN EARLY LEARNING CENTER, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cleveland Municipal Court
Case No. 2010 CVG 8662

**BEFORE:** S. Gallagher, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 23, 2013

**ATTORNEY FOR APPELLANTS**

Samuel R. Smith, II
75 Public Square
Suite 1111
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Darren J. Dowd
Gary L. Lieberman
Gary L. Lieberman Co. L.P.A.
30195 Chagrin Blvd.
Suite 300
Pepper Pike, OH   44124

SEAN C. GALLAGHER, J.:

**{¶1}** Defendants-appellants Northeast Ohio Child Enrichment Center, L.L.C., d.b.a. KidzTown Early Learning Center, GNG Management Co., L.L.C., Gregory Perryman, and Grace Perryman appeal from the decision of the Cleveland Municipal Court, Housing Division, that granted default judgment in favor of plaintiff-appellee Sunshine Limited Development[1] ("Sunshine") in the amount of $75,044.75, as well as the court's decision that denied defendants' motion for relief from judgment. For the reasons stated herein, we affirm the judgment of the trial court.

**{¶2}** Sunshine filed a forcible entry and detainer action against defendants based upon the nonpayment of rent under a lease agreement.[2] Sunshine amended the complaint to add parties to the action, and included a cause of action against Gregory Perryman and Grace Perryman as guarantors of the lease.

**{¶3}** Defendant Gregory Perryman, who is not a licensed attorney, attempted to file pleadings on behalf of the defendant companies. This resulted in filings being stricken from the record and an advisement from the court. Although defendants appeared at a pretrial on July 29, 2010, with counsel, they failed to abide by a resulting order requiring them to deposit rents with the court. Defendants failed to appear at the

---

[1] We note that "Sunshine Limited Development" was named in the second amended complaint as "Sunshine Limited Partnership."

[2] GNG Management Co., L.L.C., a defendant in the matter, was initially captioned as the plaintiff in the action. The complaint was amended to reflect the properly named plaintiff.

next pretrial on August 26, 2010, at which Sunshine presented sufficient evidence to have restitution of the premises granted.

{¶4} On February 22, 2011, the trial court granted Sunshine leave to file a second amended complaint. On May 12, 2011, Perryman filed an answer on behalf of himself and the defendant companies, which was stricken from the record as invalid and untimely.

{¶5} Sunshine filed a motion for default judgment. A hearing on the second cause was scheduled, and the court encouraged defendants to seek counsel. Eventually, on June 8, 2011, counsel file a notice of appearance for the defendants. The hearing was rescheduled to November 11, 2011. Sunshine filed a second motion for default judgment on July 13, 2011, and a service copy was sent to defendants' counsel.

{¶6} Leave was never requested, and a valid answer was never filed in the action. On or about November 20, 2011, the court magistrate issued a recommendation to grant default judgment. No objections were filed. On December 12, 2011, the trial court confirmed the magistrate's decision and entered default judgment against "defendant in the amount of $79,044.75 plus costs and interest from the date of judgment."

{¶7} On December 14, 2011, defendants filed a motion for relief from judgment. Sunshine filed a motion to amend the judgment entry, as well as a renewed motion to amend the judgment entry. On August 1, 2012, the trial court issued a final judgment entry that denied the motion for relief from judgment and corrected its judgment, nunc pro tunc, to reflect a default judgment against all "defendants."

**{¶8}** Defendants filed their notice of appeal on August 29, 2012. Initially, we recognize that the appeal was timely filed. The trial court's judgment did not become final until it was corrected to reflect a judgment against all of the defendants in the matter.

**{¶9}** In their sole assignment of error, defendants claim that the trial court erred in granting default judgment and that the judgment should have been vacated pursuant to Civ.R. 60(B). We find no merit to their argument.

**{¶10}** Under Civ.R. 55(A), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply * * * to the court therefor * * *." Defendants concede that they failed to timely file a valid answer or to seek leave to timely file an answer. Defendants and their counsel were sent service of the motion for default judgment well in advance of the default hearing. Further, the magistrate found that Sunshine presented evidence substantiating its second-cause claim. Our review reflects that defendants were afforded ample opportunity to obtain counsel, to appear and defend in the action, and to file a proper pleading or opposition to default judgment in this matter. Because the defendants failed to properly plead or otherwise defend and the requirements of Civ.R. 55(A) were satisfied, Sunshine was entitled to default judgment.

**{¶11}** In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate the following: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion. *GTE*

*Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). We review a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). To constitute an abuse of discretion, the trial court's ruling must be "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12} There is no dispute that the motion for relief from judgment was filed within a reasonable time. However, defendants failed to sufficiently set forth a meritorious defense or grounds for relief from judgment.

{¶13} Defendants generally dispute the amount owed and contend that except for Northeast Ohio Child Enrichment Center, defendants do not personally owe the disputed claim. These broad assertions were made without setting forth sufficient operative facts to support a meritorious defense. While the moving party need not prove that he will prevail on the defense, he must allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists. *Syphard v. Vrable*, 141 Ohio App.3d 460, 463, 751 N.E.2d 564 (7th Dist.2001).

{¶14} Defendants also failed to sufficiently demonstrate their entitlement to relief from judgment on any of the grounds set forth in Civ.R. 60(B)(1) through (5). Defendants suggest that their failure to initially hire an attorney or to file a proper answer should not be held against them. We recognize that pro se litigants should be granted reasonable leeway and that Civ.R. 60(B) is to be liberally construed with a view toward

effecting a just result. However, defendants still must demonstrate their entitlement to relief from judgment.

**{¶15}** Defendants' lack of understanding of the proper legal procedure for filing an answer and the necessity for the defendant companies to be represented by a licensed attorney does not constitute inadvertence or excusable neglect under Civ.R. 60(B)(1). "[P]ro se litigants are presumed to have knowledge of the law and of correct legal procedure and are held to the same standard as all other litigants." *Chase Bank United States, N.A. v. Courey*, 8th Dist. No. 92798, 2010-Ohio-246, ¶ 26.

**{¶16}** Defendants also claim that if they were allowed to contest the matter, they could have reached an amicable monetary solution in the matter. A mere potential to settle the matter does not constitute proper grounds for relief from judgment.

**{¶17}** Finally, defendants failed to show their entitlement to relief under Civ.R. 60(B)(5), which is intended as a catchall provision but is not to be used as a substitute for one of the more specific provisions of Civ.R. 60(B). *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983). Moreover, defendants did not present any substantial grounds that would suggest they are entitled to extraordinary relief under Civ.R. 60(B)(5).

**{¶18}** Accordingly, the trial court did not abuse its discretion in denying the motion for relief from judgment. The sole assignment of error is overruled.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR