[Cite as *Kidz Bop L.L.C. v. Broadhead*, 2015-Ohio-3744.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KIDZ BOP LLC, | : | APPEAL NO. C-140686 |
| | | TRIAL NO. A-1207241 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| PAUL BROADHEAD, JR., | : | |
| Defendant-Appellant, | : | |
| and | : | |
| PB&K MEDIA, LLC, et al., | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 16, 2015

*Buckley King LPA* and *Jeffrey R. Teeters*, for Plaintiff-Appellee,

*McHard & Associates, PLLC*, and *P. Manion Anderson*, and *Droder & Miller Co., L.P.A.*, and *Christopher J. Wise*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Paul Broadhead, Jr., appeals from the trial court's decision overruling his Civ.R. 60(B) motion for relief from judgment. We find no merit in his sole assignment of error, and we affirm the trial court's judgment.

{¶2} The record shows that on September 14, 2012, Kidz Bop filed a complaint for breach of contract and fraud against Broadhead and two other defendants. On May 31, 2013, Broadhead's counsel filed a motion to withdraw stating that he had Broadhead's "informed consent" to withdraw on the ground that Broadhead was "unable to meet [his] financial obligations." The trial court did not immediately rule on the motion due to discovery disputes.

{¶3} Before the trial court ruled on the motion to withdraw, Kidz Bop filed a motion for summary judgment. Subsequently, the trial court granted the motion to withdraw and ordered counsel to advise Broadhead that he could represent himself, but that he would be "bound by the same rules of conduct as counsel."

{¶4} On July 17, 2013, Broadhead failed to appear for a deposition and for a status conference that the trial court had ordered him to attend. He also failed to respond to Kidz Bop's motion for summary judgment even though the court had extended the deadline.

{¶5} On August 29, 2013, Broadhead appeared for a hearing on Kidz Bop's motion for summary judgment. He claimed that he had no knowledge of the motion because he had been in Central America doing humanitarian work. The trial court found that his claim that he did not know about the motion was disingenuous. Nevertheless, the court allowed him to respond out of time and supplement the

2

record. In response, Broadhead sent two emails to the trial court which were not appropriate evidentiary materials under Civ.R. 56(C).

{¶6} The trial court granted Kidz Bop's motion for summary judgment. Broadhead did not appeal that judgment, and Kidz Bop began collection efforts. He did not comply with a subpoena served on him for a judgment-debtor examination. He obtained counsel, and a new date for the examination was set. But counsel later stated that Broadhead would not attend the examination.

{¶7} On September 15, 2014, Broadhead filed a Civ.R. 60(B) motion for relief from judgment. He contended that he did not respond to the motion for summary judgment because he did not know about the motion, and that, as a pro se litigant, he was unaware of the proper procedure to respond to the motion.

{¶8} The trial court overruled the motion, finding that Broadhead had failed to establish excusable neglect. As to his claim that he did not know about the summary-judgment motion, the trial court stated, "[T]he record in this case presents a contrary picture, suggesting that his testimony that he had no knowledge of a motion for summary judgment is not true." The court further stated that "to say he did not have notice of what was required was disingenuous at best. The court explained to him what he needed to do, and as a pro se litigant he is held to the same standard as an attorney." This appeal followed.

{¶9} In his sole assignment of error, Broadhead contends that the trial court erred in overruling his motion. He argues that he proved he was entitled to relief under Civ.R. 60(B), including establishing the grounds under both Civ.R. 60(B)(1) and Civ.R. 60(B)(5). This assignment of error is not well taken.

{¶10} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious

defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is timely made. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus; *Kell v. Verderber*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, ¶ 35. The decision whether to grant relief from judgment lies within the trial court's discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Kell* at ¶ 35.

{¶11} Broadhead relies on Civ.R. 60(B)(1), which allows a court to grant relief from judgment on the grounds of "mistake, inadvertence, surprise or excusable neglect." Courts have defined excusable neglect in the negative, stating that a party's inaction is not excusable neglect when it shows "a complete disregard for the judicial system" or when the party's conduct falls substantially below what is reasonable under the circumstances. *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 23-25; *Heard v. Dubose*, 1st Dist. Hamilton No. C-060265, 2007-Ohio-551, ¶ 19.

{¶12} The trial court did not abuse its discretion in determining that Broadhead had failed to show excusable neglect. *See State ex rel. Jackson* at ¶ 22. Broadhead argues that his counsel withdrew, that he was acting pro se, and that he was unaware of the procedure to be followed to oppose the motion for summary judgment.

{¶13} Pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. *Parallel Homes, LLC v. Stephens*, 1st Dist. Hamilton No. C-130292, 2014-Ohio-840, ¶ 15. A pro se litigant's lack of knowledge of proper legal procedure does not constitute excusable neglect. *Sunshine Ltd. v. Kidztown Early Learning Ctr.*, 8th Dist. Cuyahoga No. 98879, 2013-Ohio-2092, ¶ 15. Courts generally do not permit pro se litigants who are careless or unfamiliar with the legal

system to use Civ.R. 60(B)(1) to obtain relief from judgment. *DJL, Inc. v. Massingille*, 8th Dist. Cuyahoga No. 96644, 2011-Ohio-6281, ¶ 24.

{¶14} Broadhead chose to proceed pro se. The trial court warned Broadhead that he would be bound by the same rules as counsel. "The court need not act as a pro se litigant's counsel." *Washington v. St. Paul Fire & Marine Ins. Co.*, 6th Dist. Lucas No. L-88-306, 1989 Ohio App. LEXIS 3818, *4 (Oct. 6, 1989). This case demonstrates that it is rarely wise for litigants to represent themselves and shows the importance of competent counsel even in civil cases. *See generally Faretta v. California*, 422 U.S. 806, 832-835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

{¶15} Further, the record shows that Broadhead's conduct was not solely the result of unfamiliarity with the legal system. As the trial court noted, he was less than candid with the trial court on several occasions. The record shows that his failure to respond to the motion for summary judgment was not reasonable under the circumstances, and therefore, did not constitute excusable neglect.

{¶16} Broadhead also contends that he was entitled to relief from judgment under Civ.R. 60(B)(5), the "catch-all" provision. But the grounds for invoking that provision must be substantial, and it cannot be used as a substitute for any of the more specific provisions of Civ.R. 60(B). *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraphs one and two of the syllabus; *Kell*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, at ¶ 36. Public policy favors the finality of judgments, and this case does not present the exceptional circumstances necessary to afford relief from judgment under Civ.R. 60(B)(5). *See Said v. Admr., Ohio Bureau of Workers' Comp.*, 1st Dist. Hamilton Nos. C-130355 and C-130360, 2014-Ohio-841, ¶ 15.

{¶17} Broadhead is using his Civ.R. 60(B) motion to collaterally attack the trial court's decision granting summary judgment in favor of Kidz Bop. He should have appealed that decision, and he cannot use a Civ.R. 60(B) motion as a substitute

for a timely appeal. *See Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus; *Internatl. Lottery v. Kerouac*, 102 Ohio App.3d 660, 668, 657 N.E.2d 820 (1st Dist.1995). Consequently, we overrule Broadhead's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**HENDON, P.J.,** and **DeWINE, J.,** concur.

Please note:

The court has recorded its own entry this date.