[Cite as *Levy v. Levy*, 2016-Ohio-207.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103002**

**JONEE LEVY**

PLAINTIFF-APPELLANT

vs.

**GLENN D. LEVY**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-06-310638

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** January 21, 2016

**ATTORNEY FOR APPELLANT**

Jack W. Abel
Abel & Zocolo Co., L.P.A.
815 Superior Avenue, Suite 1915
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Megan J. Corsi
Stanard & Corsi Co., L.P.A.
7100 East Pleasant Valley Road, Suite 120
Independence, Ohio 44131

EILEEN T. GALLAGHER, J.:

**{¶1}** This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. One of the purposes of the accelerated calendar provided by App.R. 11.1 of the Eighth Appellate District "is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs and the facts and the legal issues are more complicated." *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983), *see also* Loc.R. 11.1(B)(5) of the Eighth District Court of Appeals, State of Ohio ("In its discretion, the court may issue 'judgment entry — accelerated calendar' or a full opinion.").

**{¶2}** Plaintiff-appellant, Jonee Levy (n.k.a. Jonee Farrell) ("Jonee"), appeals the denial of her motion for relief from judgment. She raises the following three assignments of error:

1. The trial court erred when it failed to grant appellant's motion for correction of clerical error and to correct its own mathematical error.

2. The trial court erred when, in the alternative, it failed to grant appellant's motion for relief from judgment and to hold an evidentiary hearing thereon.

3. The trial court erred in failing to correct its error and carry out the plain and unambiguous mandate of this court.

**{¶3}** We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

**{¶4}** Jonee and defendant-appellee, Glenn Levy ("Glenn"), were divorced in August 2007. As part of the divorce settlement, Glenn agreed, in part, to pay $4,000 per month in spousal support for 160 months. A year and a half later, Glenn unilaterally reduced Jonee's monthly support payments to $2,000. Glenn sent Jonee a letter informing her that he was

reducing her spousal support payment because he was paying for the children's college expenses and because he was earning less money. Jonee did not contest the reduction in payments at that time.

{¶5} On June 25, 2012, Glenn filed a motion to modify spousal support, requesting a downward modification of spousal support to $2,000 per month. Jonee filed numerous motions in response to Glenn's motion, including a motion to show cause and to establish arrears. Following a hearing, the magistrate reduced Glenn's spousal support obligation to $1,375 per month and ordered the payments to continue until April 1, 2016. The magistrate further found that Glenn was $56,250 in arrears and ordered him to pay $275 per month toward the arrearage.

{¶6} Jonee filed objections to the magistrate's report. By judgment entry dated October 18, 2013,[1] the trial court overruled Jonee's objections and adopted the magistrate's report in its entirety. On appeal, this court reversed the trial court's judgment, modified Glenn's spousal support obligation to $3,750 per month, and remanded the case to the trial court to enter judgment accordingly. *Levy v. Levy*, 8th Dist. Cuyahoga No. 100609, 2014-Ohio-2650 ("*Levy I*").

{¶7} Pursuant to this court's mandate, the trial court issued an order dated August 6, 2014, that states, in relevant part:

> The Court further finds that this case was remanded to this Court to enter a Judgment Entry for correction of the Judgment Entry journalized on October 10, 2013. Specifically, the Ohio Eighth District Court of Appeals modified the monthly spousal support obligation to $3,750.00. The Court further modified the monthly arrearage payments to $750.00 per month until the debt is paid in full.
>
> IT IS THEREFORE ORDERED, ADJUDGED and DECREED that effective July 01, 2012, Defendant-Husband shall pay spousal support in the amount of $3,750.00 per month, plus 2% processing charge, until April 2016. * * *

---

[1] The judge signed the order on October 10, 2013, but the order was not filed and entered on the docket until October 18, 2013.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendant-Husband shall additionally pay the amount of $750 per month toward the existing arrearage, until such debt is paid in full, said amount being $56,250.00 as of 12/31/2012.

{¶8} Jonee did not appeal this order. Seven months later, however, Jonee filed a motion for correction of a clerical error, or in the alternative, for relief from judgment. In her motion, Jonee requested an order "correcting this Court's prior Judgment Entry dated August 6, 2014 so as to correctly state that the Defendant's spousal support arrearage was $60,000.00 as of July 25, 2012, not $56,250 as of 12/31/12 as currently set forth in said entry."

The trial court denied Jonee's motion. Jonee now appeals from that judgment.

## II. Law and Analysis

### A. Clerical Error

{¶9} In her first assignment of error, Jonee argues the trial court erred in denying her Civ.R. 60(A) motion for correction of a clerical error.

{¶10} Civ.R. 60(A), which codifies the trial court's power to correct clerical mistakes, provides, in relevant part:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Thus, "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996). "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id*.

"The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner."

*Karnes v. Karnes*, 8th Dist. Cuyahoga No. 94521, 2010-Ohio-4016, ¶ 36, quoting *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247, 564 N.E.2d 97 (12th Dist.1988).

{¶11} The trial court's August 6, 2014 judgment, rendered on remand, holds that Glenn had a spousal support arrearage of $56,250 as of December 31, 2012. Jonee contends this amount is incorrect and that the trial court's mistake was a clerical error. She contends the court failed to factor in the difference between the trial court's original downward modification in an amount of $1,375 and the appellate court's modification amount of $3,750 in its arrears calculation. The difference between the two amounts is $2,375 per month.

{¶12} Jonee further argues that the $2,375 difference between the trial court and the appellate court's arrearage amount should be added to the months of July, August, September, October, November, and December 2012. In other words, Jonee argues not only that there is a difference of $2,375 between the trial court's original downward modification and this court's modified amount, she argues the difference should have been applied retroactively to July 2012 instead of December 2012.

{¶13} Calculating the difference between the trial court and this court's modified amounts of spousal support is mechanical in nature, and the numbers used to calculate the difference are in the record. However, the question as to whether the difference should have been applied retroactively is more than a clerical error; it requires a legal judgment. Thus,

Jonee's motion to correct a clerical error sought a substantive change in the trial court's judgment, which is not authorized by Civ.R. 60(A).

**{¶14}** Jonee's proper remedy was not a Civ.R. 60(A) motion, but an appeal of the trial court's August 6, 2014 judgment. A party cannot use Civ.R. 60(A) as a substitute for an appeal. *Perry v. Perry*, 8th Dist. Cuyahoga No. 80640, 2002-Ohio-3641, ¶ 14.

**{¶15}** Accordingly, the first assignment of error is overruled.

### B. Civ.R. 60(B) Relief From Judgment

**{¶16}** In the second assignment of error, Jonee argues the trial court should have granted her relief from judgment pursuant to Civ.R. 60(B). Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2)[,] and (3) not more than one year after the judgment, order or proceeding was entered or taken.

**{¶17}** In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate the following (1) a meritorious defense or claim to present if relief is granted, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (B)(5), and (3) the timeliness of the motion. *GTE Automatic Elec., Inc*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). The failure to establish any one of these requirements requires a denial of the motion. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

**{¶18}** We review a trial court's denial of a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Id.* To constitute an abuse of discretion, the trial court's ruling must be "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶19}** Jonee did not cite any specific provision listed in Civ.R. 60(B)(1)-(5) to justify vacating the trial court's judgment in her motion for relief from judgment. She simply asserted the judgment should be vacated because the trial court made a mistake in the amount of spousal support arrearage. Civ.R. 60(B)(1) provides relief from judgment to correct certain mistakes. However, Civ.R. 60(B) cannot be used as a substitute for an appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. *See also State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 729 N.E.2d 755 (2000); *Guadalupe v. Minadeo*, 8th Dist. Cuyahoga No. 98077, 2012-Ohio-5071, ¶ 8. *See also Wozniak v. Tonidandel*, 121 Ohio App.3d 221, 228, 699 N.E.2d 555 (8th Dist.1997).

**{¶20}** In *Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 155, 518 N.E.2d 1208 (1988), the Ohio Supreme Court observed that "the gist of post-trial relief is to remedy an injustice resulting from a cause that cannot reasonably be addressed during the ordinary trial and appellate proceedings." In other words, Civ.R. 60(B) may not be used to attack legal errors made by a trial court. Rather, "'Civ.R. 60(B) permits a court to grant relief when the factual circumstances relating to a judgment are shown to be materially different from the circumstances at the time of the judgment.'" *Tokar v. Tokar*, 8th Dist. Cuyahoga No. 93506, 2010-Ohio-524, ¶ 9, quoting *Brackins v. Brackins*, 8th Dist. Cuyahoga No. 75025, 1999 Ohio App. LEXIS 6061 (Dec. 16, 1999).

{¶21} Jonee challenges the trial court's conclusion that Glenn only owed $56,250 as of December 31, 2012. However, in her motion for relief from judgment, she makes no argument that her circumstances materially changed between the time the court rendered the August 6, 2014 order and the filing of her motion. Nor does Jonee provide any evidence or argument outside the record to support any grounds for relief listed in Civ.R. 60(B)(1)-(5). Jonee's claim that the $56,250 spousal support arrearage is erroneous could have been corrected by a timely appeal, and is thus not a proper ground for relief under Civ.R. 60(B). Therefore, the trial court properly overruled her motion for relief from judgment.

{¶22} The second assignment of error is overruled.

### C. Law of the Case

{¶23} In the third assignment of error, Jonee argues the trial court's August 6, 2014 order should be corrected pursuant to the law of the case doctrine. She contends the trial court's order violates this court's modification of Glenn's spousal support obligations in *Levy I*.

{¶24} The law of the case doctrine functions to compel trial courts to follow the mandates of reviewing courts. "The doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984).

{¶25} The law of the case doctrine is necessary (1) to ensure consistency of results in a case, (2) to avoid endless litigation by settling the issues, and (3) to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979). However, the law of the case doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be

applied so as to achieve unjust results.  *Nolan* at 3; *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404, 659 N.E.2d 781 (1996).

**{¶26}** As previously explained, Jonee's remedy for challenging an erroneous judgment on the spousal support arrearage was to file a direct appeal.  This she did not do.  Just as Civ.R. 60(B) cannot be used as a substitute for appeal, the law of the case doctrine is not a proper method for attacking the trial court's final judgment.

**{¶27}** Therefore, the third assignment of error is overruled.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
ANITA LASTER MAYS, J., CONCUR