[Cite as *McCarthy v. Sterling Chems., Inc.*, 2016-Ohio-1039.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PATRICK B. MCCARTHY, an incompetent, by and through his duly appointed guardians, Michael B. McCarthy and Nancy M. McCarthy, | : | APPEAL NO. C-150274<br>TRIAL NO. A-0509144 |
| | : | |
| MARK COLLIN FUGATE, | : | *O P I N I O N.* |
| and | : | |
| PATRICIA SUSAN MCCARTHY, | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| STERLING CHEMICALS, INC., | : | |
| and | : | |
| RESCAR, INC., | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 16, 2016

*Markovits, Stock, & DeMarco, LLC, Paul M. DeMarco, W.B. Markovits, Christopher D. Stock, Joseph T. Deters* and *Terence R. Coates* for Plaintiffs-Appellants,

*Vorys, Sater, Seymour & Pease, LLP,* and *Robert E. Tait,* and *Mills Shirley, LLP, Jack C. Brock* and *Fred D. Raschke,* for Defendant-Appellee Sterling Chemicals, Inc.,

*Katz, Teller, Brant & Hild* and *Robert A. Pitcairn, Matthew A. Rich* and *Peter J. O'Shea,* and *Mannion & Gray Co., L.P.A., Thomas P. Mannion* and *Judd R. Uhl,* for Defendant-Appellee Rescar, Inc.

Please note: this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1} Plaintiffs-appellants Patrick B. McCarthy, by and through his duly appointed guardians, Michael B. McCarthy and Nancy M. McCarthy, Mark Collin Fugate, and Patricia Susan McCarthy ("plaintiffs") appeal the trial court's judgment denying their Civ.R. 60(B) motion for relief from judgment. We affirm.

## Background of Traumatic Injury and Trial

{¶2} This case has a long and protracted history. In 2005, Patrick McCarthy was severely injured on the job while transferring liquid from a pressurized railroad tank car owned by defendant-appellee Sterling Chemicals, Inc., ("Sterling") into a storage tank owned by his employer, Kinder Morgan Liquids Terminals, LLC. While McCarthy was standing on top of the tank car, the manway assembly separated from the car, striking McCarthy and knocking him 15 feet to the ground. McCarthy suffered physical injuries, including a permanent, traumatic brain injury. McCarthy and his two minor children sued numerous defendants including Sterling, defendant-appellee Rescar, Inc., which was under contract with Sterling to maintain its fleet of railcars, and ACF Industries, LLC., ("ACF"), the manufacturer of the railcar.

{¶3} The case proceeded to a jury trial. After plaintiffs presented their case-in-chief, the trial court granted a directed verdict in favor of ACF, finding that there was a material alteration of the railcar that relieved ACF of liability as a manufacturer. With the absence of ACF from the trial, plaintiffs urged the trial court to give an explanatory instruction to the jury regarding the party's absence. The trial court did not give the instruction requested by plaintiffs. At the conclusion of trial, the jury unanimously found in favor of the remaining defendants, Sterling and Rescar.

{¶4}   Plaintiffs then moved for a new trial on several grounds, including that the judge had not fully explained to the jury the reason ACF had been directed out of the case (the "ACF argument"), and that the failure to do so could have resulted in jury confusion. The trial court granted plaintiffs' motion on the basis of confusing jury instructions relating to the duty owed to McCarthy under common law, and the interplay of duties that arose out of the statutes and regulations that govern railcars. The trial court did not address the ACF argument in its decision.

### *McCarthy I* and Its Aftermath

{¶5}   Sterling and Rescar appealed the trial court's judgment granting a new trial.  In that appeal, *McCarthy I*, this court found no error in the jury instructions and no evidence of juror confusion. *See McCarthy v. Sterling*, 193 Ohio App.3d 164, 2011-Ohio-887, 951 N.E.2d 441 (1st Dist.) ("*McCarthy I*").  We reversed the judgment of the trial court and remanded the cause with the instruction that the trial court reinstate the defense verdict.  The trial court carried out this court's mandate.

{¶6}   Thereafter, plaintiffs filed a "cautionary appeal," and Rescar cross-appealed.  While those appeals were pending, plaintiffs again moved the trial court for a new trial, raising the ACF argument for the second time. We subsequently remanded the cause under App.R. 4(B)(2) to the trial court for it to rule on that motion.  Both appeals were then voluntarily dismissed.

{¶7}   The trial court granted plaintiffs' second motion for a new trial on the basis of the ACF argument.  It found that at trial the court had not adequately explained its directed-verdict ruling to the jury, and that the jury could have been confused about why ACF was no longer in the case.  Sterling and Rescar appealed from that judgment.

3

### *McCarthy II* and Another Remand

{¶8} In *McCarthy II*, we reversed the trial court's judgment granting plaintiffs a new trial. In pertinent part, this court held that the original trial court had effectively denied the ACF argument as a ground for a new trial, making the issue fully reviewable in *McCarthy I* in a cross-assignment of error pursuant to R.C. 2505.22. *McCarthy v. Sterling*, 1st Dist. Hamilton Nos. C-11805 and C-110856, 2012-Ohio-5211, ¶ 15 ("*McCarthy II*"). Because plaintiffs had failed to do so, the merits of ACF argument had been waived, and the trial court had been without authority to grant a new trial on that basis. *Id.* at ¶ 16.

{¶9} The cause was remanded, and the trial court again reinstated the defense verdict. Plaintiffs then immediately moved the trial court for relief from that judgment under Civ.R. 60(B)(1), claiming, in part, that counsel's failure to raise the ACF argument in *McCarthy I* constituted "excusable neglect." The trial court overruled plaintiffs' motion. It found that the issues raised in the motion had already been addressed by this court, and that the trial court was bound by the law-of-the-case doctrine. Plaintiffs now appeal from that judgment.

### The Present Appeal

{¶10} In their sole assignment of error, plaintiffs claim that the trial court erred in denying their Civ.R. 60(B)(1) motion based on the law-of-the-case doctrine because the "excusable neglect" issue had not been determined in *McCarthy II*. We review the trial court's judgment for an abuse of discretion. *See Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶11} To prevail on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through

4

(5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Here, plaintiffs proceeded under Civ.R. 60(B)(1), which allows a court to grant relief from a judgment on the grounds of "mistake, inadvertence, surprise or excusable neglect."

{¶12} Plaintiffs correctly point out that this court had not addressed the issue of counsel's "excusable neglect" in either *McCarthy I* or *McCarthy II*. Plaintiffs further argue that their motion was timely and contend that they would have a meritorious claim to present if relief were granted. Plaintiffs' argument fails, overall, because they are again attempting to revive the ACF argument—an argument that could have been raised in *McCarthy I*.

### Civ.R. 60(B) is not a Substitute for a Direct Appeal

{¶13} It is well-settled that a Civ.R. 60(B) motion cannot be used as a substitute for a direct appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus; *Kids Bop LLC. v. Broadhead*, 1st Dist. Hamilton No. C-140686, 2015-Ohio-3744, ¶ 17; *Internatl. Lottery v. Kerouac*, 102 Ohio App.3d 660, 668, 657 N.E.2d 820 (1st Dist.1995). In other words, a Civ.R. 60(B) motion provides a means to collaterally attack a judgment. *Kerouac*. The rule does not contemplate a direct attack on legal errors allegedly made by the trial court. *Levy v. Levy*, 8th Dist. Cuyahoga No. 103002, 2016-Ohio-207, ¶ 20. *See Tokar v. Tokar*, 8th Dist. Cuyahoga No. 93506, 2010-Ohio-524, ¶ 10 ("[M]ovant must allege new grounds for Civ.R. 60(B) relief; he may not use the arguments he lost under the judgment to justify relief from the judgment.").

{¶14} Plaintiffs' failure to raise the ACF argument on direct appeal cannot form the basis of the "excusable neglect" requirement under Civ.R. 60(B)(1) without eviscerating the well-established rule that a Civ.R. 60(B) motion is not a substitute for a direct appeal. Further, plaintiffs contend that had they raised the ACF argument on appeal, they likely would have prevailed. This argument clearly constitutes a direct attack on the proceedings before the trial court and is therefore an inappropriate basis for granting Civ.R. 60(B) relief.

{¶15} While the trial court's decision was not couched specifically in these terms, it nevertheless came to the correct conclusion that the ACF argument could not be revived though a Civ.R. 60(B) motion. We hold that the trial court did not abuse its discretion in overruling plaintiffs' Civ.R. 60(B) motion. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} Plaintiffs' sole assignment of error is overruled. The trial court's judgment is affirmed.

Judgment affirmed.

**FISCHER, P.J.,** and **MOCK, J.**, concur.

Please note:

The court has recorded its own entry this date.